the charges against him and an opportunity to contest those charges before his removal became effective. In the absence of any suggestion that the notification procedures afforded to him were inadequate in a way that prejudiced him, we decline to overturn the administrative judge's harmless error determination.

■ 7. Next, Mr. Griffin contends that the Postal Service failed to properly apply regulations under the Family and Medical Leave Act ("FMLA"). Subject to certain limits, the FMLA gives eligible employees the right to take unpaid leave related to certified medical conditions. Mr. Griffin was approved for FMLA leave in 2003 for an immuno-suppression syndrome, and in 2004 for an immuno-suppression syndrome and a herniated disc. However, based on documentation provided by the Postal Service the administrative judge found that the FMLA did not apply to the absences cited in Mr. Griffin's notice of removal. For instance, some of the absences for which Mr. Griffin now seeks FMLA coverage were not related to Mr. Griffin's approved FMLA medical problems. Other absences for which Mr. Griffin now seeks FMLA coverage occurred during months in which Mr. Griffin had exceeded his approved FMLA frequency. Mr. Griffin has not specifically challenged those findings, and we see no error in the administrative judge's conclusion that the absences were not excused by the FMLA.

8. Mr. Griffin argues that he was held to an attendance standard that was not uniformly applied to other employees, because other employees were allowed to work past their scheduled shifts in order to make up time lost when they reported late to a shift. The administrative judge credited testimony by a Postal Service supervisor indicating that other employees were not allowed to make up time in the manner described by Mr. Griffin, and we see no error in that conclusion. In any event, as noted, even if some amount of tardiness by other employees may have been tolerated by Postal Service supervisors, such a practice does not constitute a defense for Mr. Griffin in light of the large number of unscheduled absences that formed the basis for the charges against him.

■ 9. Finally, Mr. Griffin argues that the Postal Service's decision to remove him was in retaliation for his filing equal employment opportunity and workers compensation claims. The administrative judge correctly listed the four elements a claimant must show to prevail on a retaliation claim, and then noted that Mr. Griffin "submitted no evidence, other than the fact he filed these claims, to support a finding that this removal action could be in retaliation for the claims." Mr. Griffin has not specifically challenged the administrative judge's findings with regard to his retaliation claim, and we see no error in those findings. Because we conclude that Mr. Griffin has failed to identify any reversible error in the Board's decision, we affirm the decision upholding his removal.

**Eugene M. MARSHALL, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 2006–3217.

United States Court of Appeals,
Federal Circuit.

May 8, 2006.

Eugene M. Marshall, pro se.

## ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

Antonio P. OROSCO, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 2006–3204.

United States Court of Appeals, Federal Circuit.

May 8, 2006.

Antonio P. Orosco, pro se.

## ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

William H. LEE, Petitioner,

v.

DEPARTMENT OF THE ARMY, Respondent.

No. 05–3287.

United States Court of Appeals, Federal Circuit.

May 8, 2006.

## ORDER

Order Vacated, See 2006 WL 2036468.

The petitioner having failed to file an appendix required by Federal Circuit Rule 30(a) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.